Filed 5/24/24  P. v. Lowe CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RONNIE KEVIN LOWE,<br><br>    Defendant and Appellant. | F086318<br><br>(Fresno Super. Ct. No. F14907858)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Franson, J. and Smith, J.

Appellate counsel for defendant Ronnie Kevin Lowe filed an opening brief summarizing the pertinent facts and raising no issues, but asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating Lowe was advised of his right to file a brief of his own with this court. By letter dated January 22, 2024, we also invited Lowe to submit additional briefing. Lowe submitted his response, which was filed April 30, 2024.

Pursuant to *Wende, supra,* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a description of the relevant facts and procedural history of the case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to Lowe, we affirm.

**PROCEDURAL SUMMARY**

On July 22, 2020, a jury convicted Lowe of possession of heroin (Health & Saf. Code, § 11351); sale of a controlled substance, heroin (Health & Saf. Code, § 11370.1, subd. (a)); possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1));[1] two counts of possession of ammunition by a person prohibited from owning a firearm (§ 30305, subd. (a)(1)); possession of cannabis of more than 28.5 grams (Health & Saf. Code, § 11357, subd. (c)); and possession of a short-barreled shotgun or rifle (§ 33210). On August 19, 2020, Lowe was sentenced to the upper term of four years on one count and the terms on the remaining counts were imposed and stayed pursuant to section 654.

On direct appeal, in an unpublished opinion filed October 20, 2022, this court remanded the matter for resentencing pursuant to Senate Bill No. 567's (2021–2022 Reg. Sess.) (Stats. 2021, ch.731, § 1.3) amendments to section 1170, subdivision (b).

---

**1**      All further statutory references are to the Penal Code unless otherwise stated.

On February 9, 2023, Lowe filed a motion for return of property, which requested return of $1284.00 cash; some marijuana; oxycodone, hydrocodone, carisoprodol, methadone, Levitra, Viagra and Cialis tablets; a cell phone and a Bluetooth wireless headset.

At the May 5, 2023, resentencing hearing, the trial court imposed a modified sentence, the midterm of three years, with the midterm stayed for the remaining counts. It then considered Lowe's request for return of property. In relevant part, Lowe stated that the Viagra and Cialis pills were not listed as controlled substances and that he was the rightful owner of the confiscated $1,248 cash, phone and headset. The trial court issued an "Order for Return of Property," which included return of the $1,284 cash; Viagra pills, cell phone and Bluetooth wireless headset.

Lowe filed a notice of appeal.

**STATEMENT OF THE FACTS[2]**

On the evening of May 13, 2014, Lowe drove his vehicle northbound on Maroa near Ashlan Avenue in Fresno County. Detective Capriola noticed Lowe commit two traffic violations and signaled for Lowe to pull over.

Detective Capriola made contact with Lowe, the sole occupant of the vehicle, and detected the smell of burnt and fresh marijuana in the vehicle. Lowe said he had a blunt in the ashtray, a medical marijuana card, and about an ounce of marijuana in a bag on the backseat of the car.

Detective Capriola located a duffle bag on the backseat, which contained a gun, ammunition, a pill bottle with two plastic baggies of heroin, a pill bottle containing marijuana, and numerous pill bottles with a variety of drugs, including oxycodone, methadone, and hydrocodone. The gun was illegal due to the length of the barrel. It was

---

[2] The statement of facts is taken from our nonpublished opinion in *People v. Lowe* (Oct. 10, 2022, F081621).

not registered and was loaded with live rounds of ammunition, both .45 magnum ammunition and .410-gauge shotgun slugs. The heroin seized from Lowe's vehicle totaled 8.095 grams; the marijuana 42.721 grams. A search of Lowe's person found $1,248 in small denominations.[3]

After Lowe waived his *Miranda*[4] rights, Detective Capriola, using a personal recording device, recorded Lowe's statement, which was played for the jury at trial. Lowe told Detective Capriola that he knew of the presence of the firearm and that he carried it for protection, although he admitted that he was aware he could not legally possess a firearm as he was an ex-felon. Lowe also told Detective Capriola that the heroin was his as he was an addict.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues to consider on appeal. (*Wende, supra,* 25 Cal.3d at pp. 441–443.)

We briefly address the concerns Lowe raised in his letter to this court. The first is his claim that the trial court abused its judicial power when it stated it was giving him back his Cialis but left it off of the release form. The record, however, indicates that the Cialis was never ordered released by the trial court.

The second is that Lowe states that he wants his life, his business and "all the money this has taken from me" back. We note that the $1,248 at issue in the request for return of property was granted. As for the $80,000 in bail he claims he had to pay in 2005 for an incident involving "unauthorized searches" of his car and home in 2003, the charges of which were subsequently dismissed, we have no jurisdiction over that matter.

---

[3] The fact that $1,248 was found on Lowe's person is taken from the probation report.

[4] *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

## DISPOSITION

The judgment is affirmed.